IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LASERAIM TOOLS, INC.                                                                                    PLAINTIFF

V.                                        CASE NO. 4:08CV00329 BSM

SDA MANUFACTURING, LLC
AND MERLE SKIP ADRIAN                                                                              DEFENDANTS

**<u>ORDER</u>**

Pending before the court are the defendants' motion to dismiss, or in the alternative, for change of venue [Doc. # 8] and plaintiff's response [Doc. # 11].

I.  BACKGROUND

Plaintiff Laseraim Tools, Inc. (Laseraim) is an Arkansas corporation with its principal place of business in Little Rock, Arkansas.  Laseraim manufactures and sells the Laseraim LTTS Drill/Chuck Alignment Tool (Drill/Chuck).  The Drill/Chuck was invented in 1996 by Acie G. Johnson.  It is manufactured exclusively in the State of Arkansas and sold worldwide.

Defendant Merle Skip Adrian is a resident of Sanger, Fresno County, California.  He has lived in California for over forty years and has never resided or conducted business in the State of Arkansas. In the fall of 2000, after attending a basic machining class at Reedley College in Reedley, California, he realized the need for a better way of finding edges and centers on material.  This led to him inventing the "Work Piece Center And Edge Finder Having Visual Light Indicator."  He first manufactured his invention in July/August 2004.

In September 2004, he filed a provisional patent application for the invention with the United States Patent and Trademark Office.

In October 2004, Mr. Adrian sold 130 units at a trade show in California. In January 2005, he established a website http://www.lasercenteredgefinder.com. The following month, he purchased advertising in two publications, *The Machinist's Workshop* and *The Home Shop Machinist*, published by Village Press Publishers of Traverse City, Michigan. Mr. Adrian made his first internet sale on February 21, 2005. Several months later, he purchased advertising in a third Village Press Publishers publication, *Live Stream*. In June 2005, he made inquiries into purchasing advertising from *Australian Model Engineering Magazine*. This past February, he purchased three months of advertising in *Modern Machine Shop*, a publication by Gardner Publications of Cincinnati, Ohio.

On July 19, 2005, Mr. Adrian filed a utility patent application for his invention. He was awarded United States Patent Number 7,140,118 ('118 Patent) for his invention.

Mr. Adrian formed defendant SDA Manufacturing LLC (SDA) in January 2007. SDA is a California Limited Liability Company with its principal place of business in Sanger, Fresno County, California. SDA has a post office box in Piedra, Fresno County, California. Mr. Adrian is SDA's managing member and all members reside in California.

To date, SDA has made a total of eighteen sales in the State of Arkansas. Five of the eighteen sales were telephone orders. The remaining thirteen sales were internet sales. SDA has made internet sales in all fifty states, the District of Columbia, and thirty-six countries.

The sales in Arkansas have generated $1,555.55. SDA has sold 8,500 total units. The Arkansas sales comprise only 0.2% of SDA's total sales.

SDA has never operated any type of business in Arkansas. It has never expressly targeted its advertising at individuals residing in Arkansas or entities located in Arkansas. Neither SDA nor Mr. Adrian maintain a continuing business relationship with SDA's Arkansas customers.

On April 1, 2008, defendants, through their attorney, sent plaintiff a letter (infringement letter) alerting it to a potential patent infringement concerning the Drill/Chuck. In the infringement letter, defendants inform plaintiff that it appears that the Drill/Chuck infringes the '118 Patent. Defendants go on to state:

> Although we are unable to say for sure at this time, it appears that this product may be the same laser guide tool which was previously being sold by Scientific Models, Inc., through its Mirco-Mark® product line. After receiving notification and a copy of the patent from my office, Scientific Models ceased selling that product.
>
> * * *
>
> To avoid future issues with regard to patent infringement, Laseraim should review the enclosed copy of the '118 Patent and, if the Drill/Chuck Alignment Tool does fall within the scope of the claims, immediately cease advertising and selling the product. As Laseraim would anticipate, Mr. Adrian and SDA Manufacturing take their intellectual property rights very seriously and intend on aggressively enforcing these rights, if necessary. Hopefully, however, this warning letter is sufficient to encourage your company to resolve any potential dispute before it becomes a much more significant issue.
>
> * * *
>
> To avoid any future legal issues, please contact this office as soon as possible and indicate what steps your company will be doing to alleviate any infringement of the '118 Patent. If we do not receive any response from your

company by April 14, 2008, we will assume that your company does not desire to resolve this dispute amicably and will act accordingly.

On April 9, 2008, plaintiff filed a declaratory relief action before this court concerning the validity and enforceability of the '118 patent. Plaintiff also asserted a claim of tortious interference with contract. Plaintiff alleged that this court has personal jurisdiction under Ark. Code Ann. § 16-4-101 *et seq.*, in that the defendants had advertised and offered for sale in this judicial district and had intentionally targeted tortious conduct at the State of Arkansas. Plaintiff also alleged that venue was proper by virtue of 28 U.S.C. § 1391(b), because a substantial portion of the events or omissions giving rise to the claims occurred in this district.

Defendants now move to dismiss plaintiff's complaint, pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure, for lack of personal jurisdiction and for improper venue. In the alternative, defendants move to have this case transferred to the United States District Court for the Eastern District of California, Fresno Division, pursuant to 28 U.S.C. § 1404(a).

## II.  DISCUSSION

A.  Personal Jurisdiction:

To defeat a motion to dismiss for lack of personal jurisdiction, the non-moving party need only make a prima facie showing of jurisdiction. *Romak USA, Inc. v. Rich*, 384 F.3d 979, *983 (8th Cir. 2004); *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, *647 (8th Cir. 2003). This prima facie showing can be made by the use of affidavits, exhibits, or other

evidence. *Romak*, 384 F.3d at 983. Although the evidence is viewed in a light most favorable to the party seeking to establish the court's in personam jurisdiction and factual conflicts are resolved in that party's favor, the party seeking to establish in personam jurisdiction carries the burden of proof, and the burden does not shift to the party challenging the court's jurisdiction. *Id.*; *Epps*, 327 F.3d at 647.

The issue of personal jurisdiction in a declaratory action for patent invalidity and non-infringement is intimately related to patent law; therefore, questions concerning personal jurisdiction are governed by Federal Circuit law. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, *1201 (Fed. Cir. 2003); *Midwest Indus. Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, *1359 (Fed. Cir. 1999); *see Pennington Seed, Inc. v. Produce Exch. No. 299*, 457 F.3d 1334, *1339 (Fed. Cir. 2006); *Overstock.com, Inc., v. Furnace Brook, LLC*, 420 F. Supp. 2d 1217, *1219 (D. Utah 2005). In their brief, defendants do not cite or address any relevant Federal Circuit precedent, instead they rely on Eighth Circuit precedent. The court will apply Federal Circuit law. A district court may properly exercise personal jurisdiction over a non-consenting party outside the forum state if a two-step inquiry is satisfied. *Hildebrand v. Steck Mfg. Co., Inc.*, 279 F.3d 1351, *1354 (Fed. Cir. 2002); *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.,* 148 F.3d 1355, *1358 (Fed. Cir. 1998). First, jurisdiction must exist under the forum state's long arm statute. *Medical Solutions, Inc. v. C Change Surgical LLC*, 541 F.3d 1136, *1139 (Fed. Cir. 2008); *see Inamed Corp. v. Kuzmak*, 249 F.3d 1356, *1359 (Fed. Cir. 2001). Second, the assertion of personal jurisdiction must be consistent

with the limitations of the due process clause. *Medical Solutions*, 541 F.3d at *1139; *Inamed*, 249 F.3d at *1359. The law of the forum governs the first inquiry; Federal law controls the second. *Medical Solutions*, 541 F.3d at *1139. Sometimes these two inquiries coalesce into one because the reach of the forum state's long-arm statute is the same as the limits of the due process clause, so that the state limitation collapses into the due process requirement. *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, *1279 (Fed. Cir. 2005). The Arkansas long-arm statute confers jurisdiction to the fullest constitutional extent, thus limiting the court's inquiry to whether an exercise of personal jurisdiction comports with due process. *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, *1090 (8th Cir. 2008); *Steinbuch v. Cutler*, 518 F.3d 580, *585 (8th Cir. 2008); *Ferrell v. West Bend Mut. Ins. Co.*, 393 F.3d 786, *790 (8th Cir. 2005).

In the seminal case on personal jurisdiction, *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945), the Supreme Court held that "due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Inamed*, 249 F.3d at *1360 (quoting *International Shoe*, 326 U.S. at 316, 66 S. Ct. 154). Minimum contacts require the undertaking of some act by the defendant by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of the forum state's laws. *Commisariat A*

*L'Energie Atomique v. Chi Mei Optoelectronics Corp.*, 395 F.3d 1315, *1321 (Fed. Cir. 2005); *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, *428 (Fed. Cir. 1996); *Technology Patents, LLC v. Deutsche Telekom AG*, 573 F. Supp. 2d 903, *913 (D. Md. 2008). Once it has been decided that a defendant purposefully established minimum contacts within the forum state, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with fair play and substantial justice. *Red Wing Shoe*, 148 F.3d at *1359.

Minimum contacts are satisfied under one of two theories: general jurisdiction or specific jurisdiction. *Technology Patents*, 573 F. Supp.2d at *913. General jurisdiction arises when a defendant maintains continuous and systematic contacts with the forum state even when the cause of action has no relation to those contacts. *Trintec*, 395 F.3d at *1279; *Technology Patents*, 573 F. Supp. 2d at *913. Specific jurisdiction arises where a defendant purposefully directs its activities at the residents of the forum state and the cause of action arises out of those activities. *Technology Patents,* 573 F. Supp. 2d at *913. A single act by the defendant can support a finding of specific jurisdiction so long as the act creates a substantial connection with the forum. *Red Wing Shoe*, 148 F.3d at *1359. With both general and specific jurisdiction, contacts only add to the quantum for personal jurisdiction when purposefully directed at the forum or its residents. *Id.* Random, fortuitous, or attenuated contacts do not count in the minimum contacts calculus. *Id.*

The federal circuit has devised a three-prong test for determining whether the exercise

of specific jurisdiction is consistent with due process: (1) whether the defendant purposefully directed its activities at residents of the forum state; (2) whether the claim arises out of or relates to the defendant's activities within the forum state; and (3) whether assertion of personal jurisdiction is reasonable and fair. *Inamed*, 249 F.3d at *1360; *Technology Patents*, 573 F. Supp. 2d at *913. The first two factors correspond with the minimum contacts prong of the *International Shoe* analysis, and the third factor corresponds with the fair play and substantial justice prong of the analysis. *Inamed*, 249 F.3d at *1360; *Technology Patents*, 573 F. Supp. 2d at *913. If the plaintiff meets the burden of establishing minimum contacts, then the burden shifts to the defendant to prove that the exercise of jurisdiction is unreasonable. *Technology Patents*, 573 F. Supp. 2d at *913.

Plaintiff rests its claim of the existence of minimum contacts on two alternate theories: defendants' website and the April 1, 2008 infringement letter. The defendants' website fails to establish minimum contacts. The federal circuit has held that the ability of a forum's residents to access the defendants' website does not by itself show any persistent course of conduct by the defendant in the forum. *Campbell Pet Co. v. Miale*, 542 F.3d 879, *884 (2008); *Trintec Indus.*, 395 F.3d at *1281.

It is worth noting that in *Trintec*, 395 F.3d 1275, the Federal Circuit acknowledged that some cases have suggested that the availability and use of a highly interactive, transaction-oriented website by itself may support long-arm jurisdiction wherever the site is available to potential customers for the purpose of doing business. *See Trintec Indus.*, 395

F.3d at *1281; *see also InstaBook Corp. v. Instantpublisher.com*, 469 F. Supp. 2d 1120, *1125 (M.D. Fla. 2006). The leading case on this issue is *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997), in which the court found that the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of the commercial activity that an entity conducts over the Internet. *Id.* at *1124.

The *Zippo* case sets forth a sliding scale test for determining when the nature and quality of a defendant's presence on the Internet establishes minimum contacts with the forum state. The *Zippo* test provides:

> At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet website which is accessible to users in foreign jurisdictions. A passive website that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction. The middle ground is occupied by interactive websites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the website.

*Id.* at *1124 (internal citations omitted.) The Eighth Circuit has adopted the *Zippo* test. *Lakin v. Prudential Sec.*, 348 F.3d 704, *711 (8th Cir. 2003); *Minnesota Pub. Radio v. Virginia Beach Educ. Broadcasting Found., Inc.*, 519 F. Supp. 2d 970 (D. Minn. 2007).

The Federal Circuit remains silent on this issue and has recently reiterated that a

defendant's presence on the Internet does not show a persistent course of conduct by the defendant in the forum and does not establish general jurisdiction over the defendant. *Campbell*, 542 F.3d at *884. In *Campbell*, 542 F.3d 879 (2008), the Federal Circuit also examined the number of sales made by the defendants in the forum to see if the defendants' sales amounted to a substantial and continuous presence that would support an exercise of general jurisdiction. The court held that the defendants' twelve sales that accounted for two percent of the defendants' total sales, were a classic example of sporadic and insubstantial contacts with the forum state and were not sufficient to establish general jurisdiction over the defendants. *Campbell*, 542 F.3d at *884.

Here, defendants have made a total of eighteen sales in Arkansas, thirteen of which are the product of defendants' website. Defendants' total sales in Arkansas account for only 0.2% of its total sales. Because this case involves issues intimately related to patent law, this court is bound to follow Federal Circuit precedent and, accordingly, finds that defendants' website does not justify an exercise of general jurisdiction over defendants. Plaintiff, therefore, fails to establish a prima facie case of general jurisdiction.

Plaintiff also asserts that the April 1, 2008 infringement letter from defendants' attorney establishes the requisite minimum contacts. The sending of infringement letters, without more activity in a forum state, is not sufficient to confer personal jurisdiction. *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, *1202 (Fed. Cir. 2003); *Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, *1458 (Fed. Cir. 1997). This "more activity"

has been found to include maintaining representatives or agents in the forum, deriving revenue from the forum, having an exclusive licensing agreement with the plaintiff's competition within the forum, and communicating the alleged infringement to a third party. *Campbell*, 542 F.3d 879 (personal jurisdiction found where the defendant sent infringement letter and communicated the alleged infringement to third party); *Dainippon Screen Mfg Co., Ltd. v. CFMT, Inc*, 142 F.3d 1266 (Fed. Cir. 1998) (personal jurisdiction found where the defendant sent infringement letter, contracted with third party to sell product, had two sales representative in the forum, and sold a substantial amount of product in the forum); *Akro Corp. v. Luker*, 45 F.3d 1541 (Fed. Cir. 1995) (personal jurisdiction found where defendant sent warning letters and had an exclusive licensing agreement with plaintiff's in-state competitor).

Here, the defendants do not maintain offices or personnel in Arkansas nor do they have any exclusive licensing agreements with third parties in Arkansas. As set forth above, defendants' sales in Arkansas are not substantial. Without "more activity" the infringement letter does not establish minimum contacts. Plaintiff fails to establish the existence of either general or specific jurisdiction and, therefore, fails to make a prima facie showing of personal jurisdiction.

B. <u>Venue</u>:

Defendants also assert that because they do not have minimum contacts with the State of Arkansas and a substantial portion of the events giving rise to plaintiff's claims occurred

outside Arkansas, venue does not lie with this court. In the alternative, defendants ask that the court transfer this case to the United States District Court for the Eastern District of California, Fresno Division.

Rule 12(b)(3) of the Federal Rules of Civil Procedure provides that a party may move to dismiss an action when the action is not filed in the proper venue. *Transocean Group Holdings Pty Ltd. v. South Dakota Soybean Processors, LLC.*, 505 F. Supp.2d 573, *575 (D. Minn. 2007). When reviewing a motion under Rule 12(b)(3), the district court applies the same standard used for other motions to dismiss. *Id.* The district court accepts the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, *590 (8th Cir. 2004); *Transocean*, 505 F. Supp.2d at *575. The moving party has the burden of establishing that venue is improper. *Transocean*, 505 F. Supp.2d at *575.

Venue in a declaratory judgment action for patent invalidity and noninfringement is governed by the general venue statute, 28 U.S.C. § 1391(b). *Emerson Elec. Co. v. Black & Decker Mfg.*, 606 F.2d 234, *238 (8th Cir. 1979). Section 1391(b) provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Section 1391(c) further provides that "[f]or purposes of venue . . . a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."

As set forth above, the court finds that it lacks personal jurisdiction over the defendants. The court further finds that a majority of the events giving rise to the plaintiff's claims occurred in California. Accordingly, venue is not proper. The court elects to deny defendants' motion to dismiss, and, pursuant to 28 U.S.C. § 1406(a), the case will be transferred to the United States District Court for the Eastern District of California, Fresno Division.

### III.  CONCLUSIONS

After careful review, the court finds that personal jurisdiction over the defendants is lacking and that venue is improper. The court, however, finds that in the interest of justice, the case should be transferred to the United States District Court for the Eastern District of California, Fresno Division and, thereby, transfers the case to that court. The court, therefore, denies defendants' motion to dismiss but grants their motion for change of venue. Because the court finds that it does not have jurisdiction and that venue is not appropriate, the court declines to address the remaining issues raised by the defendants and all remaining motions are denied as moot.

IT IS SO ORDERED this 22nd of December, 2008.

/s/ Brian S. Miller
UNITED STATES DISTRICT JUDGE